Kamal RAMCHANDANI, etc., Plaintiff,

v.

William SANI, et ano., Defendants.

No. 11 Civ. 7367(LAK).

United States District Court,
S.D. New York.

Feb. 10, 2012.

Arthur J. Jacobs, John F. Burleigh, Barbara J. Lipshutz, Jacobs & Burleigh, LLP, New York, NY, for Plaintiff.

William A. Rome, Lisa Rosenthal, Samira H. Desai, Hoffman & Pollok, New York, NY, for Defendants.

## ORDER

LEWIS A. KAPLAN, District Judge.

Plaintiff and defendants are so-called "Hong Kong Tailors"—merchants who sell custom-tailored men's suits that are manufactured for the litigants in Hong Kong to fill orders placed with the litigants by customers attracted by the litigants through newspaper advertising and whose measurements are taken by the litigants in New York City and elsewhere. The essence of the claim is that defendants, both in their advertising and to their customers, repeatedly overstate the nature and quality grades of the fabrics they use. This allegedly gives defendants a substantial competitive advantage over plaintiff and other honest competitors because it enables defendants to advertise and charge extremely low prices for what appear to the customers and prospective customers to be high quality goods, but which in fact are not what they purport to be. The matter is before the Court on the defendants' motion to dismiss plaintiff's first claim for relief, which is brought pursuant to Section 43(a) of the Lanham Act.[1]

Section 43(a) affords a cause of action to "any person who believes that he or she is or is likely to be damaged by," among other things, "any false or misleading description of fact" that "misrepresents the nature, characteristics, [or] qualities . . . of . . . his or her . . . goods."[2] That language seems to fit plaintiff's claim like a custom-tailored glove. Defendants' nevertheless argue that plaintiff lacks standing under the Second Circuit's test,[3] which

---

1. 15 U.S.C. § 1125(a).

2. *Id.* § 1125(a)(1)(B).

3. Standing under § 43(a) requires both a reasonable interest to be protected against the advertising claims at issue and a reasonable basis for believing that the interest is likely to

affords standing only to a plaintiff with a reasonable interest to be protected against the allegedly false advertising and a reasonable basis for believing that this interest is likely to be damaged if the false advertising continues.[4]

Defendants' standing argument rests in substantial measure on a factual argument, founded in part on supposition or argument and in part on matters outside the pleadings, that plaintiff has suffered no commercial or competitive injury and that there are so many Hong Kong Tailors that he could have no reasonable basis for believing that defendants' allegedly fraudulent activities could harm him.

With respect, this is a motion to dismiss the complaint. The allegations with respect to the Lanham Act claim are sufficient. Plaintiff's reasons for apprehension seem entirely reasonable to the Court, and that would be so even if there are others threatened with the same or similar harm.

The Court has considered also defendants' alternate argument that the Lanham Act should be dismissed because the heart of defendants' alleged false representations turns on claims as to the grades of the fabrics it uses within the framework of the Wood Products Labeling Act ("WPLA"). The contention is that the WPLA affords no private cause of action, so recognition of a claim under the Lanham Act for misstatements as to WPLA fabric grades would be inappropriate. The Court finds it entirely unconvincing, particularly in view of the fact that the point of Section 43(a) includes protection against consumer confusion.[5]

For the foregoing reasons, defendants' motion to dismiss the first claim for relief [DI 13] is denied.

SO ORDERED.

---

4. *Id.*

be damaged. *E.g., ITC Ltd. v. Punchgini, Inc.,* 482 F.3d 135, 169 (2d Cir.2007).

5. *See, e.g., Tiffany (N.J.), Inc. v. eBay Inc.,* 600 F.3d 93, 112–13 (2d Cir.2010).